Eastern District of Kentucky
FILED

JUN - 7 2006

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### ASHLAND

**Civil Action No. 06-25-HRW**

**JUNIOR D. RANDOLPH,**                                    **PLAINTIFF,**

v.            **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**                       **DEFENDANT.**

This matter is before the Court upon the Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment [Docket No. 3]. The Plaintiff has not responded to the motion. The time for responding having long since passed, this matter now stands ripe for decision.

It would be entirely proper to grant the Defendant's dispositive motion based on Plaintiff's failure to respond thereto as required by Rule 7.1( c)(1) of the Joint Local Rules of the Eastern and Western Districts of Kentucky[1]. The Court has reviewed the Defendant's motion and the record, nevertheless. Based on the current state of the record, it appears that the Defendant's motion should be sustained on its merits as well.

---

[1] Local Rule 7(c)(1) specifically states that "[f]ailure to file an opposing memorandum may be grounds for granting [a] motion."

Defendant seeks dismissal of this matter for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).   Specifically, Defendant argues that Plaintiff's Complaint was not timely filed.  The Court agrees.

Plaintiff filed his Complaint  pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying his application for supplemental security income payments and disability insurance benefits.   The decision was rendered by an Administrative Law Judge on October 15, 2004.  Thereafter, Plaintiff sought an appeal.  On December 2, 2005, the Appeals Council denied Plaintiff's request for review.

Plaintiff had sixty days from his receipt of the Appeals Council's notice to request judicial review.  *See* 42 U.S.C. § 405(g).   Receipt is assumed 5 days after the date on the notice.  *See* 20 C.F.R. §§ 404.901, 422.210( c).   Therefore, to be considered timely, Plaintiff must have commenced this civil action within 60 days from December 7, 2005, which would have been February 6, 2006.   Instead, the subject Complaint was filed on February 10, 2006 - the sixty-ninth day.

As such, Plaintff is foreclosed from bringing this action.  Therefore, dismissal is proper.

Accordingly, **IT IS HEREBY ORDERED** that  Defendant's Motion to Dismiss or In the Alternative, Motion for Summary Judgment [Docket No. 3] be

2

**SUSTAINED**.  **IT IS FURTHER ORDERED** that this matter be **DISMISSED WITH PREJUDICE** and  **STRICKEN** from the docket of this Court.

This June 7, 2006.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

3